UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JACOB LEE ROSKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | |
| KEOLIS COMMUTER SERCICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.  The plaintiff is a resident of Atkinson, New Hampshire and brings this action against the defendant, Keolis Commuter Services, LLC ("Keolis"), a railroad corporation duly established by law, and having its principal office at 470 Atlantic Avenue, Boston, Massachusetts, 02110, County of Suffolk, for injuries suffered by his while in the employ of the defendant.  This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2.  During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Boston, Massachusetts and Providence, Rhode Island; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3.  On or about February 20, 2018, the plaintiff was employed as a carman by the defendant and was engaged in his duties at the Boston Engine Terminal, which Terminal, tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant

1

thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the negligence of the defendant, its agents, servants or employees, the plaintiff was injured.

4. During the course of his employment on said date and while working in the Boston Engine Terminal, the Plaintiff sustained a serious crush injury to his ankle, foot and lower leg when an unsecured stack of brake beams fell over onto his ankle. Said injuries were caused, in whole or in part, by the negligence of Keolis, including its agents or employees, by committing one or more of the following acts or omissions:

(a) In failing to furnish Plaintiff with a reasonably safe place in which to work;

(b) In failing to furnish Plaintiff with reasonably safe equipment with which to perform his assigned duties;

(c) In failing to furnish Plaintiff with reasonably necessary and proper equipment with which to perform his assigned duties;

(d) In failing to furnish Plaintiff with reasonably necessary proper personal protective equipment;

(e) In failing to furnish Plaintiff with necessary and proper supervision in the performance of his assigned duties;

(f) In failing to warn Plaintiff of reasonably foreseeable hazardous conditions existing with Defendant's equipment;

(g) In failing to properly warn Plaintiff of the dangerous condition;

(h) In failing to inspect the premises for dangers;

(i) In failing to implement and ensure that walkways and common areas were clear of known unrestrained hazards;

    (j)    In failing to implement and enforce practices to ensure that brake beams and other hazards were properly restrained so as not to create a risk of falling on employees;

    (k)    In being otherwise negligent or reckless.

5.    As a result of the injuries sustained by Plaintiff, he has been caused to undergo medical treatment to the aforementioned parts of his body.

6.    Plaintiff further states that prior to the onset of these injuries, Plaintiff was an able-bodied man, capable of performing heavy, strenuous manual labor and had been doing so while working for the Defendant.  In the event Plaintiff did have any infirmities to the aforementioned parts of his body of which he was not aware, Plaintiff claims that said condition was aggravated, activated and accelerated by the trauma to which Plaintiff was exposed on Defendant's property.

7.    Plaintiff further states that his ability to work in labor in the future has been diminished. In this regard, Plaintiff would show that he has suffered a decrease in his past and future wage-earning capacity.  Plaintiff also states that he will sustain medical expenses in the past and future.  Additionally, Plaintiff also seeks compensation for his pain and suffering.  His injuries have further caused him mental anguish, disfigurement, and pain and suffering.

    WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendant in an amount of FIVE HUNDRED THOUSAND DOLLARS $500,000.00 together with interest and costs and such other relief as this Honorable Court may deem necessary.

**<u>PLAINTIFF REQUESTS TRIAL BY JURY</u>**

                                          Jacob Lee Rosko
                                           By his attorneys,

DATE: January 20, 2021


<u>/s/ Christopher C. Naumes</u>
Robert T. Naumes, BBO #:367660
Christopher C. Naumes, BBO #: 671701
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617)-227-8444
(617)-696-2437  *Fax*
robert@Naumeslaw.com
christopher@naumeslaw.com

*Local Counsel for Plaintiff*


James Ferguson (*pro hac vice* forthcoming)
Law Office of H. Chris Christy, PA
201 W Broadway, Suite G12
North Little Rock, AR 72114
jferguson.raillaw@gmail.com
(501)-758-0278
(501)-758-0480  *Fax*

*Lead Counsel for Plaintiff*

4